UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60613-CIV-GOLD/GOODMAN

CHRISTOPHER MARLER,

    Plaintiff,

vs.

U-STORE-IT MINI WAREHOUSE
CO., et al.,

    Defendants.
_____/

## ORDER REQUIRING COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

This matter is before me *sua sponte* relating to Defendants' Renewed Motion to Tax Costs. (DE# 72.) As described in more detail below, Defendants are hereby ordered to file a certification with the Court, within seven (7) days of this order, confirming their compliance with Southern District of Florida Local Rule 7.1(a)(3) and the results of their efforts.

    **I.**    **Background**

United States District Judge Alan S. Gold granted summary judgment to Defendants on July 19, 2010. (DE# 56.) Judge Gold also entered a Final Judgment against Plaintiff the same day. (DE# 57.) In the Final Judgment, Judge Gold specifically wrote that "Costs will be taxed upon appropriate motion, and *following a pre-file conference pursuant to Local Rule 7.1A.3*. (DE# 57 (emphasis added).)

Defendants' filed a Motion for Costs on September 17, 2010. (DE# 63.) That motion was referred to Magistrate Judge Chris M. McAilely, who entered an order staying consideration of the motion pending resolution of Plaintiff's appeal. (DE# 64-

65.) On February 10, 2011, the Eleventh Circuit affirmed the District Court's grant of summary judgment. (DE# 70.)

Defendants filed their renewed motion on March 25, 2011, after the Eleventh Circuit affirmed the District Court's grant of summary judgment in their favor. Judge Gold referred the renewed motion to Magistrate Judge McAilely on March 30, 2011, and her referral was transferred to me on April 1, 2011, pursuant to Administrative Orders 2010-145 and 2011-18. (DE# 73-74.)

## II.     Legal Standard

As I explained in a previous case:

> Local Rule 7.1(a)(3) is entitled "Pre-filing Conferences Required of Counsel." With certain exceptions not applicable here, the rule requires movant's counsel to "confer (orally or in writing)" or "make **reasonable** effort to confer (orally or in writing)" with all parties "in a **good faith** effort to resolve by agreement the issues to be raised in the motion." (emphasis supplied). The rule also requires other counsel to "**cooperate** and act in **good faith** in attempting to resolve the dispute." (emphasis supplied).
>
> The rule requires the movant to certify that one of two possible scenarios occurred: (1) that movant's counsel did, in fact, confer but was unable to resolve the issues, or (2) that movant's counsel made "reasonable efforts" to confer but has been unable to do so. If movant uses the latter type of certification, then movant's counsel must "identi[fy] with specificity" the efforts taken in the unsuccessful attempt to confer.
>
> Finally, the rule provides that failure to comply "may be cause" to "grant or deny the motion and impose on counsel an appropriate sanction," which "may include an order to pay the amount of the reasonable expenses incurred because of the violation."

*Royal Bahamian v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1298 (S.D. Fla. 2010) (emphasis in original).

Moreover:

> In order to "confer," a movant must have a give-and-take exchange with opposing counsel. Sending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation. Instead, it is a one-way missive. *Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, No. 07-61879, 2008 WL 5427785, at *1 (S.D. Fla. Dec. 30, 2008) ("Simply sending a letter without further follow-up does not constitute the type of effort to engage in a pre-filing conference anticipated by Local Rule 7.1"). *See also Williams v. Board of Cnty. Comm'rs of the Unified Gov't of Wyandotte Cnty. & Kan. City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000) (noting that under Federal Rule of Civil Procedure 37 and District of Kansas Local Rule 37.2 a "reasonable effort to confer means more than mailing a letter to opposing counsel. It requires that counsel converse, confer, compare views, consult, and deliberate") (internal citations and quotations omitted); *Conference Definition*, MERRIAM-WEBSTER ONLINE DICTIONARY, http://www.merriam-webster.com/dictionary/conference?show=0&t=1285596373 (last visited Sept. 27, 2010) ("a meeting of two or more persons for discussing matters of common concern . . . a usually formal interchange of views").

*Id.* at 1299 n.2.

Strict compliance with Local Rule 7.1(a)(3) is very important. The non-moving party does not always oppose relief sought by the moving party. *E.g.*, *id.* at 1301 (noting that the non-moving party in that case "did not, for all practical purposes, object to the relief being sought in three of the motions"). Compliance with this rule may save the parties the time and costs associated with filing and responding to a motion. *Wrangen*, 2008 WL 5427785, at *1. This rule is also a mechanism for alerting the Court to whether a motion is opposed, allowing (in the case of unopposed motions) the Court to expedite its ruling and to avoid spending its own time unnecessarily considering issues that are mooted by the agreement. *Id.*

### III.     Analysis and Conclusion

Defendants did not include a certification pursuant to Local Rule 7.1(a)(3) in their Renewed Motion to Tax Costs.  In their original Motion for Costs, Defendants provided the following:

> Defendants certify that a good faith effort to resolve this motion by agreement has taken place.  A draft motion and schedule of costs have previously been sent to opposing counsel.

This certification and the purported effort to confer it describes does not comply with Local Rule 7.1(a)(3).  Local Rule 7.1(a)(3) is not satisfied merely by sending a copy of a draft motion to an opposing counsel.  *See Royal Bahamian*, 744 F. Supp. 2d at 1299 n.2 ("'Simply sending a letter without further follow-up does not constitute the type of effort to engage in a pre-filing conference anticipated by Local Rule 7.1'") (quoting *Wrangen*, 2008 WL 5427785, at *1).  Providing a draft motion to opposing counsel could be part of a good faith effort to confer, but in order to satisfy the rule this way, for instance, counsel must attempt to discuss the motion, and then wait a reasonable amount of time (as dictated by the situation) for a response before filing.  In addition, my standard discovery procedures (which are technically inapplicable here) require an actual <u>conversation</u>.

Defendants' certification does not even allow me to conclude with any certainty that Plaintiff's counsel received the draft motion.  Sending a copy of a motion does not guarantee that Plaintiff's counsel actually received, let alone reviewed, considered, and declined to agree to any of the requested relief before Defendant filed it.

At this point, presumably Plaintiff's counsel should be aware of the motion because of the electronic notification he would have received from the Court's CM/ECF system.  It would be well within my discretion simply to review the motion and, if it

4

appears warranted, to recommend that the District Court grant it.  However, the opposite is also true, as Local Rule 7.1(a)(3) states that "Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion."

Because the Court would benefit from either a response to, or a clear indication of, whether or to what degree Defendants' motion is opposed, I will not at this time make a recommendation either way.  Instead, Defendants' counsel is hereby ordered to:

(1) Contact (or attempt to contact) Plaintiff's counsel within five (5) days of the date of this order and to make a good faith attempt to resolve its motion;

(2) File a notice with the Court within three (3) days thereafter, indicating specifically:

    a. What type of conference occurred (e.g., Defendants' counsel called and spoke to Plaintiff's counsel or called and left two messages but his phone call was never returned);

    b. The extent, if any, to which Plaintiff does not oppose the Renewed Motion.

Plaintiff shall have three (3) days after Defendants file their notice to file a response in opposition to the motion, if they in fact oppose the motion and choose to do so.

Should Defendants' counsel fail to comply fully with this order, I will recommend that the District Court deny its Renewed Motion on the basis of Local Rule 7.1(a)(3).

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 14th day of April. 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Alan S. Gold
All counsel of record